1
2
3
4
5
6
7
8                          DISTRICT COURT OF GUAM
9

10   GABRIEL LAU,                          Civil Case No. 10-00035

11            Plaintiff,

12                                    **OPINION AND ORDER
                                      RE: DEFENDANT'S   MOTION TO
     vs.                              DISMISS SUMMONS AND
13                                    AMENDED COMPLAINT AND
                                      ACTION UNDER FED. R. CIV. P. 9,
14   GUAM DEPARTMENT OF EDUCATION,    19, 12(b)(1), 12(b)(2), 12(b)(6),
                                      12(b)(7), 12(h)(3), 15(a), 17(b)(3), 19
15            Defendant.              and 41(b)**

16

17       This matter comes before the court on motions to dismiss filed by the Defendant Guam

18   Department of Education through the Office of the Attorney General on January 21, 2011 and

19   March 16, 2011.  *See* Docket Nos. 5 and 22.  The Plaintiff Gabriel Lau filed oppositions to  both

20   motions, on February 2, 2011 and April 6, 2011.  *See* Docket Nos. 8 and 26.  After reviewing the

21   record, the parties' submissions, as well as relevant statutes and authority, the court hereby

22   **GRANTS** the motions to dismiss, and additionally **GRANTS** the Plaintiff leave of court to file a

23   second amended complaint pursuant to Federal Civil Procedure Rule 15(a)(2).

24   **I.    FACTUAL AND PROCEDURAL BACKGROUND**

25       The Plaintiff Gabriel Lau ("the Plaintiff") was employed at the Defendant Guam

26   Department of Education ("DOE") as a teacher at various public schools on Guam.  *See* Docket

27   No. 1, Complaint and Exh. A (letter to Mr. Riera).  The Plaintiff obtained his teacher's

28   certification in August 2008 and submitted to several interviews at public schools.  *See* Docket

No. 1, Exh. A (letter to Mr. Riera).  He was recommended to be hired by the principal of Merizo

Elementary School, and the paperwork for the Plaintiff's employment was apparently awaiting

the approval of the Superintendent of the Department of Education.  *See* Docket No. 1.  He

followed up on his application at the DOE main office, and apparently was told by the DOE

Equal Employment Opportunity Officer that he was not hired because of incidents that occurred

during his former employment at George Washington High School and D.L. Perez Elementary

School.  See Docket No. 1;  Exh. A.  and Exh. 5 (August 23, 2009 letter to Superintendent).

On September 21, 2009, the Plaintiff filed a Charge of Discrimination with the EEOC,

alleging that "the Superintendent demonstrated retaliation against me by preventing me from

being hired after being interviewed and recommended . . . . "  Docket No. 1, Exh. A (letter to Mr.

Riera).  The EEOC stated that "the evidence revealed [DOE] retaliated against [the Plaintiff]

when it informed him in a letter that it would not make a decision on his application for

employment until after the EEOC completed its investigation."  Docket No. 1, Exh. B (EEOC

Determination).   On October 4, 2010, the EEOC advised the Plaintiff that conciliation with

DOE was not successful and that it would not be filing a suit in his case.  Docket No. 1, Exh. D

(letter from Woodard).

The Plaintiff, proceeding *pro se*, filed a complaint on December 30, 2010. *See* Docket

No. 1.  He requested and was granted indigent status on January 19, 2011.  *See* Docket No. 3.

On January 20, 2011, DOE, through the Office of the Attorney General ("AG's Office")

filed a motion to dismiss ("the First Motion"), arguing *inter alia* dismissal is proper because of

ineffective service.  Docket No. 5.  The Plaintiff filed his opposition *pro se* on February 2, 2011.

Docket No. 8.

On February 15, 2011, the court ordered that the U.S. Marshal serve the summons and

complaint.[1]  Docket No. 12.  Also on February 15, 2011, the Plaintiff through counsel filed an

Amended Complaint.  Docket No. 14.  This Amended Complaint was served on the  AG's Office

via e-service on February 14, 2011 and by personal service on February 25, 2011.  *See* Docket

Nos. 15 and 16.

---

[1]  The Marshal served the complaint on March 9, 2011.  Docket No. 17.

On March 16, 2011, DOE filed another motion to dismiss ("the Second Motion"), arguing *inter alia* that the Plaintiff's Amended Complaint was not timely filed. *See* Docket No. 22. The Plaintiff filed his opposition through counsel on April 6, 2011. *See* Docket No. 26.

## II.   ANALYSIS

Both motions to dismiss are discussed herein. In the First Motion, DOE attacks the validity of the original summons and complaint (Docket No. 1), arguing primarily that the Plaintiff did not properly serve DOE. Docket No. 5. DOE also argues that personal jurisdiction is lacking, and that the complaint fails to state a claim. *See id.* The Plaintiff filed a *pro se* opposition. *See* Docket No. 8.

In the Second Motion, DOE argues that the Amended Complaint (Docket No. 14) was not timely filed in accordance with Federal Civil Procedure Rule 15. *See* Docket No. 22. DOE also argues that subject matter jurisdiction is lacking, the Plaintiff lacks standing, and that the Amended Complaint fails to state a claim. The Plaintiff, through counsel, refuted each ground for dismissal raised by DOE. *See* Docket No. 26.

### A.       The Original Summons and Complaint

The court first addresses the arguments DOE raised in the First Motion, specifically, that the Plaintiff did not effect proper service of the original summons and complaint. Docket No. 5.

A defendant in a suit must be served with a summons and copy of the complaint, and "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Service may be effected by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2).

It is undisputed that the Plaintiff, proceeding *pro se*, filed his initial complaint on December 30, 2010. *See* Docket No. 1. He apparently personally delivered a copy of the summons to an employee at the DOE Superintendent's Office on January 3, 2011. *See* Docket No. 6 (Declaration of Maria Roberto). He attempted to cure the defect in service by serving both the summons and original complaint, but effected service himself. Because he is a party to the suit, such attempted service by the Plaintiff is invalid. Thus, DOE correctly argues that Plaintiff's attempts at serving the original summons and complaint were insufficient.

**B.** **The Amended Complaint**

Nevertheless, the analysis does not end here; the court must next consider DOE's arguments as to the Amended Complaint. In the Second Motion, DOE contends that the court must dismiss the Amended Complaint filed by the Plaintiff on February 15, 2011. *See* Docket No. 14.

Amended pleadings are governed by Federal Civil Procedure Rule 15(a), and prior to 2009, the rule stated:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

The Ninth Circuit stated this rule created an "absolute right to amend, which ended upon the filing of a 'responsive pleading' (e.g., an answer) 'or the entry of final judgment following dismissal of its action.'" *Rick-Mik Enters. Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 977 (9th Cir. 2008) (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.1984)).

In 2009, however, Rule 15(a)(1) was amended, and now states:

A party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

The change addresses situations, as in this case, where a defendant files a Rule 12 motion to dismiss before filing an answer to the complaint.

DOE argues that under this new rule, the Plaintiff was not permitted to amend his complaint "as a matter of course." The First Motion was filed on January 20, 2011, thus giving the Plaintiff until February 11, 2011 (21 days after service of the First Motion) to amend his complaint. *See* Fed. R. Civ. P. 6 (a)(1). It is undisputed that Plaintiff filed his Amended Complaint on February 15, 2011, four days after the deadline set forth in Rule 15(a)(1)(B). Docket No. 14. Therefore, the Plaintiff could not rely on Rule 15(a)(1)(B) as permitting him leave to file an amended complaint "as a matter of course."

///

**C.     Leave to File an Amended Pleading**

The court recognizes, however, that a party may file amended pleadings "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Earlier this month, the Ninth Circuit held that leave to amend under this rule "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, Nos. 09–17558, 09–17652, 2011 WL 2276774, 6 (9th Cir. June 9, 2011); *see also Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) ("Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.").

It is undisputed that the Plaintiff did not seek leave of court before filing the Amended Complaint. Without obtaining leave to amend, the Plaintiff's Amended Complaint is a nullity.

However, the court adheres to the standard under Rule 15(a)(2) to "freely give leave" to a party seeking to amend his pleading.[2] Furthermore, the court also applies the Ninth Circuit's four factors in evaluating leave to amend, and the court concludes that the Plaintiff should be granted leave to file an amended complaint.

First, there is no allegation of bad faith or undue delay on the part of the Plaintiff in filing the amended complaint. In fact, he stated on the record in his Opposition filed on February 2, 2011, that he was in the process of hiring an attorney. *See* Docket No. 8. Six days later, his attorney entered an appearance in this case and filed the Amended Complaint a week later. *See* Docket Nos. 10 and 14. The time it took for the Plaintiff to obtain counsel, and for counsel to file the Amended Complaint, cannot be interpreted as evidence of bad faith or undue delay. Second, allowing amendment of the original complaint would not be futile. The Plaintiff filed his original complaint pro se. *See* Docket No. 1. Now, he has the benefit of legal counsel to clarify his arguments as to potentially meritorious claims. Finally, allowing an amendment

---

[2] Although not formally requested by motion, the court will construe the Plaintiff's *pro se* opposition to the First Motion as requesting leave of court to file an amended complaint.

would not create undue prejudice to DOE because the case is in the initial stages of litigation and discovery.  *See* Docket No. 24.

The plain words of Rule 15 instruct that the court should "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This rule is designed "to facilitate decision on the merits, rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Granting leave for the Plaintiff to file his Amended Complaint conforms to the Ninth Circuit's desire to "facilitate decision on the merits."  *Id.*

Finally, the court is mindful that Ninth Circuit has held that "Rule 15's policy of favoring amendments to pleadings . . . is applied even more liberally to pro se litigants."  *Eldridge v. Black*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quotation marks and citation omitted).

In light of the foregoing, the court **GRANTS** the motions to dismiss filed by DOE (Docket Nos. 5 and 22), but grants leave of court for the Plaintiff to file a second amended complaint pursuant to Federal Civil Procedure Rule 15(a)(2).  Such second amended complaint shall be filed within seven (7) days of this Order.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Jun 23, 2011**