IN THE DISTRICT COURT OF GUAM

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| GABRIEL H.T. LAU, | CIVIL CASE NO. 10-00035 |
| Plaintiff, | |
| vs. | **ORDER** |
| DEPARTMENT OF EDUCATION for the GOVERNMENT OF GUAM, | |
| Defendant. | |

This matter is before the court on a Motion to Dismiss filed by Defendant Department of Education for the Government of Guam. Having considered the Parties' arguments and submissions, as well as relevant caselaw and authority, the court hereby issues the following decision.

**I.     BACKGROUND**

The facts in this case are as follows.[1] Gabriel H.T. Lau ("Plaintiff") is of Chinese race, descent and national origin and suffers from a form of disability known as Obsessive and Compulsive Disorder and impaired vision. ECF No. 54, Third Am. Compl. at ¶21, ¶40.

---

[1] This statement of facts is based on the Third Amended Complaint. *See* ECF No. 54. On a motion to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), all allegations of material fact stated in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *See United States v. One 1997 Mercedes E420*, 175 F.3d 1129, 1130-31 & n.1 (9th Cir. 1999).

1

On or about August 12, 2008, Plaintiff was employed by the Department of Education ("D.O.E.") at D.L. Perez Elementary School for a probationary period of one year. *Id.* at ¶9.

On November 6, 2008, Plaintiff received from D.O.E. a "Memorandum of Concern," a warning to "improve" or be subjected to "more stringent discipline." *Id.* at ¶14.

On November 25, 2008, Plaintiff was served a notice of termination, because Plaintiff was unable to perform his duties and responsibilities as a professional educator in a satisfactory manner. *Id.* at ¶18; ECF No. 54-1, Third Am. Compl. at 5, Ex. A, Sub-Ex. 2.

On December 15, 2008, Plaintiff filed his first Equal Employment Opportunity Commission ("E.E.O.C.") Charge of Discrimination ("Plaintiff's First E.E.O.C. Charge") against D.O.E., claiming that, in terminating Plaintiff, D.O.E. discriminated against him on the basis of his national origin. *See* ECF No. 54-1, Third Am. Compl. at 4, Ex. A, Sub-Ex. 1. [2]

In a letter dated March 16, 2009 from D.O.E. to Plaintiff, D.O.E. asked Plaintiff not to contact D.O.E. or any of its personnel regarding Plaintiff's new application for re-employment as they were awaiting the findings and recommendations from E.E.O.C. before making any further decision on Plaintiff's application. ECF No. 54-1 Third Am. Compl. at 6, Ex. A, Sub-Ex. 3.

---

[2] Plaintiff's First E.E.O.C. Charge led to Plaintiff filing a wrongful termination action in the District Court of Guam: Civil Case No. 09-00015, *Gabriel H.T. Lau v. D.O.E.(F.K.A. Guam Public School System)*. Therein, Plaintiff alleged that he was employed by D.O.E. at D.L. Perez Elementary School from August 12, 2008 through November 25, 2008. *See* Order, ECF No. 36, District Court of Guam Civil Case No. 09-00015. Plaintiff alleged wrongful termination by D.O.E., inclusive of retaliation. *Id.* The court noted that "[a]lthough the Plaintiff generally argues that he was wrongfully terminated, this court will interpret his Complaint as alleging that he was subject to *retaliation* and a hostile working environment, (emphasis added)." *Id.* With regard to the retaliation claim, the court noted that the Plaintiff argued that there was retaliation based on the refusal of the D.O.E. Superintendent to give him a teacher's referral for re-employment because the Plaintiff had filed a complaint with the E.E.O.C. after he was terminated. The court reviewed Plaintiff's references to two letters from D.O.E. to the Plaintiff dated March 16, 2009 and April 15, 2009. Based on the two letters, the court held that it was "clear that [Plaintiff's] claim of retaliation under Title VII is without merit." *Id.* The same two letters are addressed in the action now before this court. This first lawsuit shall hereinafter be referred to as *Lau I*.

In a letter dated April 1, 2009 from E.E.O.C. to D.O.E., E.E.O.C. cautioned D.O.E. to refrain from retaliating against Plaintiff for engaging in a protected activity. ECF No. 54-1, Third Am. Compl. at 4, Ex. A, Sub-Ex. 1.

In a letter dated April 15, 2009, D.O.E. wrote to Plaintiff clarifying its letter of March 16, 2009. ECF No. 54-1, Third Am. Compl., at 7, Ex. A, Sub-Ex. 4. Therein, D.O.E. invited Plaintiff to submit a new application for other positions. *Id.* It further advised Plaintiff that waiting for the E.E.O.C.'s review "will not hamper you from submitting new applications for positions currently announced at [D.O.E.'s] Personnel Services Division. If you qualify for the position, based on the minimum requirements, you are more than welcome to submit your application. [D.O.E.] will continue to accept and process your application, as we have done previously…" *Id.*

On August 14, 2009, Plaintiff was interviewed and recommended by D.O.E. Principal Derrick Santos of Merizo Elementary School to be immediately employed as an English as a Second Language ("ESL") teacher at Merizo Elementary School. ECF No. 54, Third Am. Compl.at ¶27.

On August 21, 2009, D.O.E.'s Equal Employment Officer Margaret Cruz notified Plaintiff that his employment was rejected, because of incidents at George Washington High School and D.L. Perez Elementary School. *Id.* at ¶29; ECF No. 54-1, Third Am. Compl.at 8, Ex. A-5.

On September 21, 2009, Plaintiff filed a second E.E.O.C. Charge of Discrimination ("Plaintiff's Second E.E.O.C. Charge") against D.O.E. for discrimination and retaliation.[3] *Id.* at

---

[3] Plaintiff's Second Charge form was attached to Plaintiff's Initial Complaint; however, it was omitted from Plaintiff's subsequently filed amended complaints, including the Third Amended Complaint. *See* ECF Nos. 1 (Initial Complaint), 14 (Amended Complaint), 31 (Second Amended Complaint) and 54 (Third Amended Complaint). Although the form was not attached, the Third Amended Complaint did reference this document as Exhibit A and indicated that it was

3

¶34.

In a letter of Determination dated May 11, 2010 from E.E.O.C. to Plaintiff, the E.E.O.C. stated, in relevant part, the following:

> "[Plaintiff] alleges [D.O.E] failed to hire him to a teaching position because of his national origin (Chinese), disability and in retaliation for engaging in a protected activity.
>
> [D.O.E.] denies that it has discriminated against [Plaintiff].
>
> The Commission makes no finding on [the Plaintiff's] allegations of national origin and disability discrimination.
>
> The Commission's investigation determined that there is reasonable cause to believe that [D.O.E.] retaliated against [Plaintiff] by failing to hire him for a teaching position because of his protected activity.
>
> In a like and related issue, the evidence revealed [D.O.E.] retaliated against [Plaintiff] when it informed him in a letter that it would not make a decision on his application for employment until after the E.E.O.C. completed its investigation. Therefore, I have concluded that the evidence is sufficient to establish a violation of the above-cited statute.
>
> [D.O.E.] is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.
>
> Having determined that there is reason to believe that violations have occurred, the Commission now invites [D.O.E.] to join with it in a collective effort toward a just resolution of this matter."

ECF No. 54-1, Third Am. Compl. at 15, Ex. B.

In a letter dated June 16, 2010 from E.E.O.C., Plaintiff was notified that efforts to conciliate the E.E.O.C. charge were unsuccessful. ECF No. 54-1, Third Am. Compl. at 18, Ex. attached.

4

C. It was further noted that the case would be forwarded to the Department of Justice ("DOJ") for possible litigation. *Id.*

In a letter dated October 4, 2010, DOJ issued its Notice of Right to Sue. ECF No. 54-1, Third Am. Compl. at 20, Ex. D. Therein, Plaintiff was notified that conciliation was unsuccessful. Plaintiff was further notified of the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Americans with Disabilities Act of 1990. *Id.*

On December 30, 2010, Plaintiff filed *pro se* a complaint against D.O.E. *See* ECF No. 1.

On February 15, 2011, Plaintiff, through counsel, filed an Amended Complaint. *See* ECF No. 14.

On April 6, 2011, Plaintiff served his formal Notice of Government Claim upon the Office for the Attorney General of Guam and D.O.E. under the Government Claims Act. ECF No. 54, Third Am. Compl. at ¶33.

On June 30, 2011, Plaintiff filed his Second Amended Complaint. *See* ECF No. 31.

On November 29, 2011, Plaintiff filed his Third Amended Complaint. *See* ECF No. 54. The Third Amended Complaint alleges three (3) counts: (1) Count I: D.O.E. is liable for violation of Title I of the Americans with Disabilities Act ("ADA"); (2) Count II: D.O.E. is liable for violation of Title VII of the Civil Rights Act of 1964 ("Title VII") that protects U.S. citizens from an employer's discrimination and retaliation based on race, color, national origin and/or engaging in a protected activity; and (3) Count III: Plaintiff has suffered emotional distress arising from the torts of negligence and/or intentional infliction of emotional distress based on D.O.E.'s acts or omissions. *Id.* at ¶¶40-46.

On December 30, 2011, D.O.E. filed the instant motion seeking to dismiss Plaintiff's Third Amended Complaint pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), 12(b)(6),
5

12(h)(3), 15(c) and 41(b).  ECF No. 60.

**II.    DISCUSSION**

**A.   Request for Judicial Notice**

D.O.E. requests the court to take judicial notice of facts that appear in the Plaintiff's original Complaint, but not in Plaintiff's Third Amended Complaint, including the Plaintiff's Second E.E.O.C. Charge form.  *See* ECF No. 1, Compl. at 4, Ex. A.  D.O.E. also requests the court to take judicial notice of its Opinion and Order in *Lau I*.

The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b)(2).  The court must take judicial notice if a party requests it and the court is supplied with the necessary information.  Fed. R. Evid. 201(c)(2).  The court may take judicial notice at any stage of the proceeding.  Fed. R. Evid. 201(d).

A court may look beyond the complaint and consider extrinsic evidence, in ruling on a 12(b)(1) jurisdictional challenge. *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1141 (9th Cir. 2003), citing *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). In addition, while a court must generally refrain from considering extrinsic evidence in deciding a 12(b)(6) motion, it may consider documents on which the complaint "necessarily relies" and whose "authenticity ... is not contested." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).

Based on D.O.E.'s request, the authority cited therein and the Plaintiff's non-opposition, the court takes judicial notice of the Plaintiff's original Complaint, the Plaintiff's Second E.E.O.C. Charge form, and its Opinion and Order in *Lau I*.

**B.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  They can adjudicate only those cases that the

Constitution and Congress authorize them to adjudicate. *See id*. In fact, federal courts are presumptively *without* subject-matter jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *See id*.; *see also Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Since subject-matter jurisdiction is such a fundamental issue, a motion to dismiss for lack thereof may be brought at any stage of the proceedings. *See* Fed. R. Civ. P. 12(h)(3). The vehicle for such a motion is Rule 12(b)(1) of the Federal Rules of Civil Procedure.

A Rule 12(b)(1) motion is either "facial" or "factual." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a *facial* attack, the challenger asserts that the allegations contained in a complaint are insufficient, on their face, to invoke federal jurisdiction. *Id.* In a *factual* attack, on the other hand, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id*. Here, the instant motion is "facial," because D.O.E. argues that the allegations contained in Plaintiff's complaint are insufficient to invoke federal jurisdiction.

In order to establish subject matter jurisdiction over an ADA or Title VII claim, Plaintiff is required to exhaust his or her administrative remedies. *E.E.O.C. v. Farmer Bros.,* 31 F.3d 891, 899 (9th Cir. 1994). Filing an administrative charge with E.E.O.C. is a jurisdictional prerequisite to bringing these claims in federal court. 42 U.S.C. § 2000(e)-5(e)(1) & (f); 42 U.S.C. § 12117(a). The Ninth Circuit has held that subject matter jurisdiction extends over all allegations of discrimination that either "fell within the scope of the E.E.O.C.'s *actual* investigation or an E.E.O.C. investigation which *can reasonably be expected* to grow out of the charge of discrimination." *Farmer Bros.,* 31 F.3d at 899 (emphasis in the original) (internal quotations omitted); *see also Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir.1990) ("The jurisdictional

7

scope of a Title VII claimant's court action depends upon the scope of both the E.E.O.C. charge and the E.E.O.C. investigation.").

The Ninth Circuit court has construed the language of E.E.O.C. charges "with utmost liberality." *Farmer Bros.,* 31 F.3d at 899. "[T]he crucial element of a charge of discrimination is the factual statement contained therein." *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 462 (5th Cir. 1970). Allegations of discrimination not included in the plaintiff's E.E.O.C. charge "may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the E.E.O.C. charge.' " *Green v. Los Angeles County Superintendent of Schs.,* 883 F.2d 1472, 1475-76 (9th Cir. 1989). The court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case. *See Farmer Bros.,* 31 F.3d at 899 (ruling that plaintiff exhausted her claim for discriminatory layoff since that claim was always a part of the plaintiff's theory of the case as expressed in her explicit allegations of discriminatory failure to recall and to rehire laid-off female employees).

D.O.E. argues that Plaintiff's claims should be dismissed, because Plaintiff failed to exhaust his administrative remedies for Counts I, II and III. The court agrees, in part, with D.O.E.

Plaintiff alleges in Count I that D.O.E. is liable for violation of Title I of the ADA. To bring a claim under the ADA, a plaintiff must exhaust his or her administrative remedies. *See* 42 U.S.C. § 12117(a) (incorporating Title VII enforcement procedures into the ADA). In the case at bar, Plaintiff's Third Amended Complaint states that Plaintiff suffers from a form of disability known as Obsessive and Compulsive Disorder and impaired vision. Plaintiff's Second E.E.O.C. charge and supporting documents, however, fail to indicate Plaintiff's alleged disabilities of Obsessive and Compulsive Disorder and impaired vision. Plaintiff's Second E.E.O.C. Charge

and supporting documents also fail to indicate whether Plaintiff disclosed to E.E.O.C. and D.O.E. the alleged disabilities he is claiming are protected. The court further finds that Plaintiff's Second E.E.O.C. Charge offers no discussion as to how Plaintiff was allegedly discriminated on the basis of his alleged disabilities. Based on the foregoing and construing the language of Plaintiff's Second E.E.O.C. Charge with utmost liberality, the court finds that the assertions in Plaintiff's Third Amended Complaint regarding D.O.E.'s alleged violation of the ADA in Count I are not like or reasonably related to the allegations contained in the Plaintiff's Second E.E.O.C. Charge. Accordingly, the court finds that Plaintiff failed to exhaust his administrative remedies for Count I. This court is prohibited from considering allegations of discrimination not included in Plaintiff's Second E.E.O.C. Charge. *Green,* 883 F.2d at 1475-76. Thus, this court lacks subject matter jurisdiction to proceed on this count.

In Count II, Plaintiff alleges, in part, that D.O.E. is liable for violation of Title VII which protects U.S. citizens from an employer's discrimination and retaliation based on race, color, and/or national origin. In the case at bar, Plaintiff's Second E.E.O.C. Charge and supporting documents fail to state Plaintiff's national origin. Additionally, Plaintiff's claims for race and color in Count II of the Third Amended Complaint are new; these claims were not selected when Plaintiff submitted his Second E.E.O.C. Charge. Furthermore, although Plaintiff's claims describe retaliation, there is no claim for retaliation based on Plaintiff's race, color or national origin under Title VII contained within Plaintiff's Second E.E.O.C. Charge. Based on the foregoing and construing the language of Plaintiff's Second E.E.O.C. Charge with utmost liberality, the court finds that Plaintiff's Third Amended Complaint allegations contained in Count II as they relate to Title VII discrimination and retaliation based on race, color, and/or national origin, are not like or reasonably related to the allegations contained in the Plaintiff's Second E.E.O.C. Charge. Accordingly, the court finds that Plaintiff failed to exhaust his

administrative remedies for Count II, as it relates to these claims, and, therefore, lacks subject matter jurisdiction to proceed, in part, on this count.

Count II further alleges that D.O.E. is liable for violation of Title VII that protects U.S. citizens from an employer's discrimination and retaliation for engaging in a protected activity. In the case at bar, D.O.E. contends that Plaintiff fails to invoke the court's subject matter jurisdiction over Plaintiff's alleged claim of retaliation for engaging in a protected activity. In support of its argument, D.O.E. indicates that no specifics are referenced in either Plaintiff's Second E.E.O.C. Charge or E.E.O.C.'s Determination letter as to Plaintiff's claim of retaliation, other than Plaintiff's claim of retaliation for engaging in a protected activity. According to D.O.E., the protected activity is not sufficiently set forth by Plaintiff in his Second E.E.O.C. Charge, in his original complaint or in his Third Amended Complaint. According to D.O.E., Plaintiff fails to set forth how he was retaliated against for engaging in a protected activity, and what protected activity he had engaged in prior to the retaliation by D.O.E. in August 2009.

The court must examine Plaintiff's Second E.E.O.C. Charge and the E.E.O.C. investigation to determine if Plaintiff's claims of retaliation for engaging in a protected activity were administratively exhausted. *See Farmer Bros. Co.,* 31 F.3d at 899. "The E.E.O.C. charge must be construed 'with the utmost liberality.'" *Deppe v. United Airlines,* 217 F.3d 1262, 1267 (9th Cir.2000) (quoting *Farmer Bros.,* 31 F.3d 891 at 899). Exhausted claims include those actually investigated as well as those which "would have been within the scope of a 'reasonably thorough investigation.'" *Farmer Bros.,* 31 F.3d at 899 n.5 (citing and quoting *Gibbs v. Pierce County Law Enforcement Support,* 785 F.2d 1396, 1400 (9th Cir. 1986)).

In the case at bar, the allegations in Plaintiff's Second E.E.O.C. Charge focus solely on D.O.E.'s alleged retaliation against Plaintiff for engaging in a protected activity. In its letter of Determination, the E.E.O.C.'s investigation determined that there was reasonable cause to

10

believe that D.O.E. retaliated against Plaintiff by failing to hire him for a teaching position because of his protected activity. *See* ECF No. 54-1, Third Am. Compl. at 15, Ex. B. The court finds that the allegations in Count II as it relates to retaliation on the basis of a protected activity, fall within the scope of E.E.O.C.'s actual investigation and, furthermore, is on its face sufficiently like or reasonably related to the allegations in the E.E.O.C. charge. The court therefore finds that Plaintiff exhausted his administrative remedies for his claim of retaliation for engaging in a protected activity. Accordingly, the court finds that it has subject matter jurisdiction to proceed on Plaintiff's theory of retaliation for engaging in a protected activity pursuant to Title VII in Count II.

In Count III, Plaintiff alleges that based on D.O.E.'s acts or omissions, Plaintiff has suffered emotional distress arising from the torts of negligence and/or intentional infliction of emotional distress.

Guam's Government Claims Act, codified at 5 G.C.A. § 6105, states in relevant part that the Government of Guam has waived immunity from suit "for claims in tort, arising from the negligent acts of its employees…" The Government of Guam has not waived its sovereign immunity to allow a lawsuit against it for an intentional tort in any forum; accordingly, Plaintiff's intentional tort claim must fail. For Plaintiff's negligence claim, this court lacks subject matter jurisdiction, because it was untimely filed. All claims filed pursuant to the Government Claims Act must be filed within eighteen (18) months from the date the claim arose. 5 G.C.A. § 6106(a). Here, the Plaintiff filed suit approximately twenty (20) months after the claim arose on August 21, 2009. Furthermore, claims made under the Guam's Government Claims Act must be brought against the Government of Guam in state court, not federal court. *See* 5 G.C.A. § 6208. Based on the foregoing, the court agrees with D.O.E. that Plaintiff fails to establish this court's subject matter jurisdiction over the state law tort claims as alleged in Count

11

III.

## C. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [4]

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a Defendant to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." A pleading that states a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint does not need "detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And although the court "must take all of the factual allegations in the complaint as true, [the court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation marks omitted). So, to survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)).

*Iqbal* suggests a two-step process for determining whether a motion to dismiss should be granted. The first step is to "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. These are to be discarded. *See id*. After discarding those unsupported legal conclusions, the second step is to take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

---

[4] Because of the court's findings on the Rule 12(b)(1) motion, the court now proceeds to analyze the remaining claim in Count II as it relates to Plaintiff's Title VII claim of retaliation based on a protected activity.

12

As for the meaning of the term "plausibly," "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This standard

> . . . is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Id.* (quoting *Twombly*, 550 U.S. at 557). Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and commonsense." *Id.* at 679. And this standard applies to "all civil actions"—"antitrust and discrimination suits alike." *Id.* at 684. In short, "a complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its face.'"*Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Furthermore, the court accepts "all facts alleged as true and construes them in the light most favorable to the plaintiff." *Daniels v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.,* 828 F.2d 1385, 1388 (9th Cir. 1987).

In order to succeed on a claim of retaliation under Title VII, a plaintiff must show: (1) that he engaged in an activity protected by Title VII; (2) that he was the subject of an adverse employment action; and (3) that there exists a causal link between his protected activity and the adverse action of his employer. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987). In establishing a causal link, plaintiff must show that the alleged discriminator had knowledge of the protected activity. *Cohen v. Fred Meyer*,

*Inc.,* 686 F.2d 793, 796 (9th Cir. 1982). Courts may infer causation based on a close temporal proximity between the protected activity and the alleged violation, but the retaliation must be "fairly soon" after the protected activity. *Villarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 (9th Cir. 2002). If plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its decision. *Cohen,* 686 F2d. at 796. Once an employer does so, plaintiff bears the burden of proving the reason was merely a pretext for a retaliatory motive. *Id.*

In construing the allegations in the light most favorable to the Plaintiff, the court finds that Plaintiff has satisfied his burden of proving a prima facie case of retaliation. First, Plaintiff engaged in a protected activity when he filed his First E.E.O.C. Charge. *See* ECF No. 54, Third Am. Compl. at ¶26 (addressing Plaintiff's First E.E.O.C. Charge and referencing Ex. A, Sub-Ex 1, which indicates Plaintiff's filing of his First E.E.O.C. Charge.) Second, Plaintiff satisfies the second part of establishing the prima facie case of retaliation as D.O.E. failed to re-hire Plaintiff. *See* ECF No. 54, Third Am. Compl. at ¶29. Third, Plaintiff can also establish a causal link between his protected activity and the adverse action: D.O.E. was aware of Plaintiff's First E.E.O.C. Charge. *See* ECF No. 54, Third Am. Compl. at ¶26. Furthermore, the series of letters from E.E.O.C. and D.O.E. dated March 16, 2009, April 1, 2009 and April 15, 2009, strengthen the causal link with D.O.E.'s final decision to reject Plaintiff's application on August 21, 2009. *See* ECF No. 54, Third Am. Compl. at ¶¶27, 28, 29 (referencing Ex. A, which addressed these letters). Based on the foregoing, the court finds that Plaintiff has sufficiently alleged a Title VII claim of retaliation based on a protected activity.

### III. CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

- Defendant D.O.E.'s Request for Judicial Notice of the Plaintiff's original Complaint,

14

Plaintiff's Second E.E.O.C. Charge of Discrimination form, and this court's Opinion and Order in *Lau I* is **GRANTED**.

- Defendant D.O.E.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED** in part and **DENIED** in part.  Count I is dismissed, because Plaintiff did not exhaust his administrative remedies as to the alleged ADA claim.  Count II as it relates to the Title VII claims of discrimination and retaliation on the basis of race, color and/or national origin are dismissed, because Plaintiff did not exhaust his administrative remedies as to these alleged claims. Count II as it relates to the Title VII claim of retaliation based on a protected activity is not dismissed, because Plaintiff exhausted his administrative remedies for this claim.  Count III is dismissed, because this court lacks subject matter jurisdiction over these claims.[5]

- Defendant D.O.E.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED** for Count II as it relates to Plaintiff's Title VII claim of retaliation based on a protected activity.  Plaintiff's Third Amended Complaint as it relates to this claim in Count II contains sufficient factual matter, accepted as true, to state a claim for relief that it plausible on its face.

**IT IS SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Mar 21, 2013

---

[5] Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings.  The rule mandates that "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).  "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962).  The court finds that amendment of these dismissed claims will be futile, because the court's lacks subject matter jurisdiction over these claims.

15

Case 1:10-cv-00035   Document 74   Filed 03/21/13   Page 15 of 15