# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| GABRIEL H.T. LAU,<br><br>    Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION for the GOVERNMENT OF GUAM,<br><br>    Defendant. | CIVIL CASE NO. 10-00035<br><br>**ORDER**<br>re Application for Order to Show Cause |

This matter is before the court on an Application for an Order to Show Cause (the "Application"), filed by the Plaintiff Gabriel H.T. Lau.[1] *See* ECF No. 93. The Application has been fully briefed, and the court does not believe that a hearing on the matter is necessary. Accordingly, the court issues the following Order denying the Application.

## BACKGROUND

The Plaintiff was employed by the Defendant, Department of Education ("DOE") of the Government of Guam, on or about August 12, 2008, and was subsequently terminated on November 25, 2008. Third Am. Compl. at ¶¶9 and 18, ECF No. 54.

---

[1] The Plaintiff is proceeding in this matter *pro se*, although he was previously represented by two separate counsel. Daniel Berman represented the Plaintiff from the filing of the Amended Complaint to the entry of the Stipulated Judgment. Thereafter, Joseph Razzano represented the Plaintiff from the filing of the Application to the court's approval of his withdrawal following a breakdown in communications between counsel and his client. The court gave the Plaintiff an opportunity to retain a new attorney, but to date no new counsel has entered his appearance for the Plaintiff.

On December 30, 2010, the Plaintiff initiated this action against the Guam Department of Education ("DOE"). *See* Compl.,[2] ECF No. 1. The parties ultimately entered into a Stipulation for Settlement. *See* Stipulation to Judgment, Ex. A, ECF No. 86. Therein, the parties agreed, *inter alia*, that DOE would place the Plaintiff on the eligibility list for DOE positions and that DOE would not base any future hiring decisions relating to the Plaintiff's application for future employment on any prior terminations of the Plaintiff or on any of the Plaintiff's past performance. *Id.* at 6.

On September 24, 2013, the court dismissed the action and directed the Clerk of Court to enter judgment consistent with the terms of the parties' Stipulation for Settlement. *See* Order, ECF No. 87. Judgment was thereafter entered that same date. *See* ECF No. 88.

On March 31, 2015, the Plaintiff filed the instant Application. *See* ECF No. 93. Therein, the Plaintiff asserted that on February 21, 2014, he interviewed with the principal of J.P. Torres Alternative School, and the principal recommended him for a position that same day.[3] Lau Decl. at ¶2, ECF No. 95. The Plaintiff claimed that on February 25, 2014, he was informed that his "employment package was sent to [the] DOE Superintendent . . . for signature and approval, and that such approval had occurred."[4] *Id.* at ¶3. On April 2, 2014, however, DOE Personnel Administrator Antonette Muna Santos wrote to the Plaintiff to inform him that he had not been selected for the math teacher position at J.P. Torres Alternative School. *See* Razzano Decl., Ex. C,

---

[2] Eventually, a Third Amended Complaint was filed which asserted three causes of action: (1) a violation of the Americans with Disabilities Act, (2) a violation of Title VII of the Civil Rights Act, ad (3) negligent and/or intentional infliction of emotional distress. *See* Third Am. Compl., ECF No. 54.

[3] According to DOE, the interview actually occurred on February 28, 2014. *See* Santos Decl. at ¶6, ECF No. 103.

[4] This date also varies slightly under DOE's version of the events. DOE asserts that on March 4, 2014, the Plaintiff "was informed that his selection for the [teaching] position was contingent on him obtaining security clearance and on a review of the Suitability Determination forma that he filled out as part of his employment application." Santos Decl. at ?07, ECF No. 103. Plaintiff was also made aware that "the Superintendent . . . would make the final decision on whether Mr. Lay would be selected for the position." *Id.*

ECF No. 94. Accordingly, the Plaintiff filed the instant Application requesting an order that DOE, through its Superintendent and the Personnel Administrator, appear and show cause why DOE should not be compelled to fulfill its obligation under the Stipulation for Settlement.

On June 15, 2015, DOE filed an Opposition to the Application.[5] *See* ECF No. 100.

On November 24, 2015, the Plaintiff filed a Reply Brief to DOE's Opposition. *See* ECF No. 120.

## DISCUSSION

A.  Legal Standard

A district court has the inherent power to enforce a complete settlement agreement entered into while the litigation is pending before it. *In re City of Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1995); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). "Enforcement of a settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). A district court lacks jurisdiction to enforce a settlement agreement following a dismissal of the action unless the district judge either: (1) expressly in the dismissal order, retains jurisdiction over the settlement agreement; or (2) incorporates the terms of the settlement agreement in the dismissal order. *Id.* at 381.

In this case, the Order dismissing this action specially stated that judgment would be entered "consistent with the terms of the parties' Stipulation for Settlement." Order, ECF No. 87. The Stipulation for Settlement provided that this court "shall have jurisdiction to enforce the terms and conditions in this Agreement even after the dismissal of the present action and subsequent Judgment based on the terms and conditions set forth in this Agreement." Stipulation for Settlement at ¶N, Ex. A to Stipulation to Judgment, ECF No. 86. Accordingly, the court retains jurisdiction to enforce the terms fo the Settlement Agreement.

///

---

[5] DOE's Opposition was untimely filed, however, in the interest of adjudicating matters on their merits, the court excuses the belated filing and grants DOE'S motion for leave to file its response to the Application after the deadline permitted under the Local Rules.

B.   Analysis

The Application asserts that DOE violated certain provisions of the Stipulation for Settlement wherein DOE agreed to the following:

> DOE shall place Plaintiff on the eligibility list for DOE positions forthwith upon the signature of all parties and counsel to this Agreement.
> DOE shall not base any future hiring decisions relating to Plaintiff's application for future employment with DOE on any prior terminations of Plaintiff between the date of his initial hire through his termination on or about November 25, 2008.
> DOE shall not base any future hiring decisions relating to Plaintiff's application for future employment on the basis of his past performance with GPSS/DOE and/or any prior complaints about Plaintiff, between the date of his initial hire with GPSS/DOE through the date of his termination on or about November 25, 2008, up to and through the present.

Stipulation for Settlement at p.6, Ex. A to Stipulation to Judgment, ECF No. 86.

The Plaintiff contends that DOE is using his termination of November 2008 as the single reason for barring him from future employment, which is contrary to the express language of the Stipulation for Settlement.

DOE denies that it breached the Stipulation for Settlement. According to DOE, Plaintiff was not selected for the teaching position because he intentionally provided false information on the Suitability Determination form which is part of the application package. According to the Declaration of DOE Personnel Services Administrator Antoneette Muna Santos, the Plaintiff's Suitability Determination form "indicated that he was never discharged from employment for any reason." Santos Decl. at ¶8, ECF No. 103, and Ex. 3 thereto. A review of the Plaintiff's personnel file by DOE's Personnel Division, however, revealed that he had previously been terminated. Santos Decl. at ¶8, ECF No. 103. Ms. Santos then sent the Plaintiff a letter dated on April 2, 2014, stating:

> Regretfully, this is to inform you of your non-selection based on DOE Personnel Rule and Regulations that require the Superintendent to rescind an offer of employment and/or reject an applicant who intentionally provides false statements, deception, or fraud in the application process. Specifically, you indicated on the Suitability Determination Form in item #1 that you have never been discharged (fired) from employment for any reason (Attached). DOE records clearly reflect that you were terminated from employment with the Department of Education on November 26, 2008.
> Your action to intentionally provide a false statement, deception, or fraud in the application process has resulted in the rescinding an offer of employment and/or your non-selection. **Please be clear that termination from previous employment**

**with the DOE was specifically not the basis for your non-selection.**

Santos Decl. at ¶9, ECF No. 103, and Ex. 4 thereto (emphasis added).

DOE contends that the Plaintiff perpetuated his lie in a letter dated April 9, 2014, which he sent in response to Ms. Santos's April 2, 2014 letter. In his letter, the Plaintiff maintained his "indication on the Suitability Determination [f]orm . . . that [he had] never been discharged from employment for any reason was not a false statement, or fraud in the application process." *Id.* at ¶10, ECF No. 103, and Ex. 5 thereto. The Plaintiff's letter further claimed that he had "no intention whatsoever to provide a false statement, deception or fraud in the application process" since his "discharged [sic] from employment had not yet been concluded by law under the civil case # CV 10-00035." *Id.*

Based on the above facts, the court concludes that DOE did not breach the Stipulation for Settlement. Although the Plaintiff insists DOE declined to hire him because of his prior termination of November 2008, the evidence presented reveals that the Plaintiff was not selected for the position because the Plaintiff provided false information on the Suitability Determination form. The form specifically asked whether the Plaintiff had been "discharged (fired) from employment for any reason" within the past seven years. *See* Suitability Determination, Ex. 3 to Santos Decl., ECF No. 103. The Plaintiff marked the "No" box, which was clearly false since he had previously been terminated from DOE in November 2008. The Plaintiff's Application confirms that the Plaintiff was aware of the termination: "the termination was detailed in the complaint, detailed in discovery, and was acknowledged in the settlement agreement." Application at 4, ECF No. 93. Despite such knowledge, Plaintiff knowingly lied on the Suitability Determination form and continued to lie in his April 9, 2014 letter to Ms. Santos. The court finds that the Plaintiff's termination was not the basis for his non-selection for the position. Rather, Plaintiff's untruthfulness in the employment application process was the only reason DOE rejected him for the teaching position. Accordingly, the court determines that there was no breach of the parties' Stipulation for Settlement.

## CONCLUSION

Having found that DOE did not violate the Stipulation for Settlement, the court must deny the Plaintiff's Application. Nothing in this Order precludes the Plaintiff from re-applying for other

positions with DOE. In fact, DOE encouraged the Plaintiff to re-apply for other positions for which he may qualify. *See* Santos Decl. at ¶¶11-12 and Exs. 6 and 7 thereto. The Plaintiff must just ensure that all information provided in any future employment application and related forms are truthful.



      **/s/ Frances M. Tydingco-Gatewood**
           **Chief Judge**
      **Dated: Mar 31, 2016**